WARREN BARNES, ADMINISTRATOR (ESTATE OF ANNA BARNES) *vs.* TONY CUZUINA ET AL.

Third Judicial District, New Haven, January Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued January 22d—decided April 17th, 1930.

*DeLancey S. Pelgrift,* for the appellant (defendant Cuzuina).

*H. Allen Barton,* with whom, on the brief, were *William L. Tierney* and *Walter X. Burns,* for the appellee (plaintiff).

WHEELER, C. J.  The action was brought under General Statutes, § 6137, for the death of Anna Barnes, a child of four and a half, caused by being struck and run over by a motortruck owned by the defendant and while operated by his servant Wilson.  The jury rendered a verdict for the plaintiff and the appeal is taken from the refusal of the trial court to grant defendant's motion to set this aside.  The jury might reasonably have found, if they credited the evidence produced by the plaintiff, that the death of the decedent was caused by the defendant.  But the jury could not well have found that the truck was at the time of this accident being operated by Wilson while he was engaged in work of his master, the defendant.

The jury must have found these facts:  Wilson had defendant's permission to use the defendant's truck in transporting himself to and from his work.  He lived near the junction of the Round Hill and Pochunk Roads in the town of Greenwich, about five miles north of his then place of employment with Maher Brothers in Greenwich.  On the morning of the accident Wilson drove from his home with this truck towing his Ford roadster attached to the rear of the truck by a chain.  Instead of turning down the Round Hill Road, which was his usual and the direct route to take to go to

Maher Brothers, he turned down the Pochunk Road toward Port Chester, and from that road proceeded on the Riversville Road intending to go to a garage in Port Chester upward of seven miles from his home, where he purposed leaving his Ford car and driving directly to his place of employment, which by this route was about four miles further than by the usual and direct route. When he reached Glenville about five and one half miles from his home the accident occurred. His employer did not know that he was to go by this route to Port Chester, or that he was to tow his Ford car behind the truck to the garage in Port Chester. He had no business of his employer to do until he reached Maher Brothers. He was carrying nothing belonging to his employers at this time. He had deviated at the time of the accident from the usual and direct route about five and one half miles.

Wilson had temporarily departed from his employment intending to resume it when he had completed his own business by leaving his Ford car at the garage. The extent of the deviation must ordinarily be one of fact and not of law. "In such cases it is, and must usually remain, a question depending upon the degree of deviation and all the attendant circumstances. In cases where the deviation is slight and not unusual, the court may, and often will, as matter of law, determine that the servant was still executing his master's business. So too, where the deviation is very marked and unusual, the court in like manner may determine that the servant was not on the master's business at all, but on his own. Cases falling between these extremes will be regarded as involving merely a question of fact, to be left to the jury or other trier of such questions." *Ritchie* v. *Waller*, 63 Conn. 155, 161, 162, 28 Atl. 29; *Greenberg* v. *Lotz Asbestos Co.*, 109 Conn. 441, 146 Atl. 834.

A deviation by the servant from his employment of such an extent as this, for the exclusive business of the servant, without the master's knowledge, must be held as matter of law to be so marked and unusual a deviation as to temporarily take the servant out of the course of his employment, suspend for the time the relation of master and servant and relieve the master from liability for the servant's acts during this period and until he renews his employment.

Applying to this situation the test: "Was the act of the servant reasonable in the light of his employment and the circumstances surrounding his act"? We must answer in the negative. At the time of the accident the servant had temporarily abandoned his employment and severed the relationship of servant to his master.

The motion to set aside the verdict should have been granted.

There is error and a new trial is ordered.

In this opinion the other judges concurred.